Welcome back, Mr. Bar-David. Good afternoon, Your Honor. Good afternoon. May I reserve five minutes of rebuttal time? Yes, sir. Granted. May it please the Court, my name is Joshua Bar-David, co-counsel with Theodore Cox, attorney for Petitioner Ms. Chai. The word immigration appeals erred as a matter of law in reversing the immigration judge's grant of withholding or removal of protection under the Convention Against Torture for Ms. Chai. Ms. Chai demonstrated that it is more likely than not that if returned to China she would be persecuted or tortured on account of her participation in the 1989 democracy student movement within the United States. You know, I wondered about that because it was a big controversy here about findings and everything. But let's take the facts most favorable to you. In this case, you don't have the advantage of a prior persecution. In this case, you're not starting. We'll have to go into that one again. But why is sitting here today taking the facts your way and not worrying about the errors or the appeal of the BIA? Would anyone really think that your client is so important that anybody's going to persecute her? Yes, Your Honor, and I do believe that the board addressed this in the second part of their determination in pages 4, 5, and 6, saying that, presuming that she's credible, they still found that she did not demonstrate that it's more likely than not. They based this finding on the explicit assertion that she presented no evidence of persons similarly situated being persecuted when, in fact, she pointed specifically to the U.S. State Department reports detailing issues revolving around people who participate in pro-democracy or anti-communist party activities outside of China and subsequently return to China. I believe it's specifically detailed in pages 480 and 481 of the record where they indicate that some individuals who participate in the pro-democracy movement have been able to return to China without any problems, but then they also detail the circumstances of some individuals who have had problems. What are the circumstances that distinguish between the two groups? In other words, you know, people naturally, when they're here, they think, well, if I go back, this will happen and that, but the question is the reality. Does anyone really care about that person? Well, the distinguishing factor between people who participate in activities in China and outside of China, I think, maybe more goes to the knowledge of the Chinese authorities of the person's activities. As we discussed in our brief, there is extensive evidence that the Chinese government persecutes those that it perceives as threats to their power and who have participated in activities that are against the Chinese government. The question then becomes whether or not the Chinese government is aware. If we're accepting as true Ms. Chai's statements that the Chinese government is aware that she was, in fact, specifically and explicitly instructed to return to China following her pro-democracy activities, then we can presume the Chinese government is aware of her activities. This is particularly true given that Ms. Chai was here on the Chinese government's dime. She was working for a state-owned company. They paid for her to obtain her LLM in the United States. This is not a citizen who is just upset with the Chinese government and sitting outside the embassy. This is a person who is here on behalf of the Chinese government. While she's not working for the Chinese government, she still is considered a representative of the government working for a state-owned company. Her participation in protests was approximately 22 years ago. Yes, Your Honor. Is there evidence in the record that shows currently, or 2008 when her hearing was held, that the Chinese government continues to go after those who participated in these kinds of protests? Yes, Your Honor. And then we would cite to the State Department report, page 481, which in matter of HLH, the board says is the most probative evidence of country conditions where they do detail instances of individuals returning to China after engaging in pro-democracy activities, and including they specifically mention the instance of a person who I believe was in 2005 returned after 1989 activities. But that report talks about ongoing and high-profile protests. What in the record shows that your client's protests were either ongoing or high-profile? Well, again, the evidence is relatively limited. We can see that up front, but again, that's what we do address in our brief as to why it's limited considering her particular circumstances of being incarcerated. Well, but I don't know about that because she had a lawyer. She was represented. And I mean, lawyers can gather documents for their clients. I mean, she can't just say, you know, I win because I couldn't present any evidence because I was incarcerated. No, she can't say that. But under the regulations, testimony alone can't be considered sufficient to be a burden of proof. And under this court standard as enunciated in her bill, I believe the site is 239 F. 3rd 542, where an immigration judge is expecting corroboration. They're required to engage in a three-part analysis. And the first is to identify the evidence that they seek to be corroborated, to determine whether it's been corroborated, and three, determine whether or not the explanation provided, if they failed to corroborate, was sufficient. Well, here we have the unusual case where she's identified some of the evidence. She says, I had documents, and they were in a storage unit, but I couldn't get them because I was incarcerated. Correct. Are you suggesting her lawyer couldn't go to the storage unit and get them for her? I can't. It's not any discussions that she may or may not have had with her lawyer, or protected, and are in no way part of the record regardless. But what is her explanation is that she's cut off from all friends because of her shame and guilt, and as a result of her gambling problem. And that she has not disclosed to anybody in her family what is going on, again, because of her shame and guilt. That she essentially is a woman alone. She has nobody in the United States, and I realize that her lawyer may or may not have been able to go get her where it's possible we could presume that. But this is not addressed by the board. I know this sounds harsh, and I understand the shame and guilt. But if she's facing persecution, why wouldn't she open up to try to get the evidence to show that she's likely to be persecuted? I do think that's a question that one could ask. But, again, this is not a question that the board asked or answered, and that's specifically our point. How many years ago was it that she last engaged in what the Chinese government would consider anti-government activity? According to the record, it was about 20 or 21 years ago, maybe 22 years ago. But she had been incarcerated for a great deal of that time. And if I could just go back to Your Honor's question. What's the significance of that? I mean, the fact of the matter is that, boy, this has got to be getting a little stale. I mean, are we to sit here and think that the Chinese government is going to persecute her because she went to a couple of rallies 22 years ago? That's a person who has a long memory. And I think the evidence shows that the Chinese government does have a long memory. And as a person who was working for a state company, she was a fairly high-level person within the United States branch of that company who was obtaining her LLM and specifically disobeyed an order of the Chinese government to return to China when she was so instructed. And that the State Department references an individual who was persecuted in 2005 after 1989 activities. It is certainly possible. But again, I'm not asking this court to make that conclusion. What the board said was that there was no evidence of people similarly situated being persecuted. And we would disagree with that, that there was some evidence, and the board didn't address it, discuss it, acknowledge it, explain why even this evidence was insufficient. There was just a single misstatement and a misrepresentation of the evidence that's contained in the record. Okay. Can we look at the record and come to conclusions on that? I mean, taking your version of the facts? I would respectfully assert that under those circumstances, the court could do that only if it were determined that remand would be futile because given the errors, no reasonable fact finder could possibly conclude that she would suffer past persecution. Now, given that the immigration judge, outside of no reasonable fact finder, would conclude that she has a well-founded fear of future persecution or that it's more likely than not that she would be persecuted under the withholding standard. Given that the immigration judge found that she met her burden of proof and the board reversed, I think this court would be hard-pressed to say that no reasonable fact finder could reach that determination and that remand would, therefore, be futile. What was the board's standard of review of the ultimate conclusion that she is entitled to withholding of removal? This was an issue very recently addressed by this court in Huang, which is 620 F. 3rd, 372. This court broke down a person who is exclusively seeking asylum with withholding of removal and protection under CAT for a well-founded fear. There's three issues. The first is the factual determinations that underlie the basis of that fear. Those factual determinations are reviewed by the board under the clearly erroneous standard. The second question is whether, under those circumstances, whether a reasonable person would fear persecution. And that, this court said, is a mixed question of fact and law. But the ultimate determination of undisputed facts to the legal standard required is reviewed by the board under the de novo standard. But what do you want us to do here? Remand with instructions for the board to properly review the record with respect to the credibility analysis for the board to consider Ms. Chai's explanations for her failure to present the evidence, which they didn't consider. And we do discuss the error of the board with respect to asserting that she didn't include information, which she did, in fact, include. And then with respect to the second question, review for proper analysis of the background evidence that's contained in the record. I see that my time's up, and I'll reserve the remaining time for rebuttal. Thank you. Thank you, Mr. Bardavid. Mr. Stalzer? Thank you, Your Honors. My name is Rob Stalzer, and I'm here to represent the Attorney General of the United States. Thank you. Please, the court. I think, really, there are two ways to dispose of the current case, Your Honors. But I want to focus on what brought us here today, and that is the condition of crime, certain crimes that the petition has conceded to, certain crimes that have made her removal from the United States. These crimes have made her ineligible for asylum. And these crimes have deprived this court of jurisdiction over anything except for a pure question of law or constitutional claims. As I'm sitting here, I'm hearing the discussion with Petitioner's Counsel, and I'm hearing a lot of discussion of looking to the record and how we weigh this evidence and how should we look at this evidence in this argument is that the board didn't look at the evidence correctly. Your Honors, those questions are not reserved for review here. Congress has decided that because the applicant has committed an aggravated felony, those questions are simply beyond the reach of this court, President. So I would urge you to take another look at our motion to dismiss. Well, you know, I've always been troubled by these situations. People, they cast findings of fact in constitutional terms. For example, they say, well, if the evidence isn't there, then it's a denial of due process to reach a conclusion. So if you do that, then everything can become constitutional. That's what I often think when I see these things. I see what you're saying, Your Honor. And I think the court has addressed this in a couple of cases, saying we cannot cast what are really factual disputes as a constitutional deprivation or as a question of law. In fact, this court actually has a couple of cases, which we cited in our motion, suggesting that quibbles over the incorrectly weighing evidence, the omission of evidence, failure to consider evidence properly. These are all factual quibbles that the court simply has no jurisdiction. Your Honor, I just fought an opinion. I can see it was a mistake because of the result. But we made it not precedential, Your Honor, on this point. We should have made it precedential. I can't speculate, Your Honor, but it's possible. That's for me hearing if that is the case. But because these questions are no longer available, we can move on to the legal questions. And what is the legal question here? Well, did the board apply the right standard of review? And the answer is, yes, Your Honor, they did. Unlike the Kaplan case, which was referenced, and the Long case, where the board was erroneously applying de novo review, here the board was very explicit and said we review for clear error. And they had a very careful discussion of the immigration judge's decision and where the judge went wrong. I think in the term of the immigration judge's decision, it's clear there's variable analysis there. The immigration judge notes all of these problems with the evidence. And the immigration judge even says he's troubled. He actually believes that she's acknowledged her story. And then inexplicably, which is the key error, says that we will all give him the benefit of the doubt. Do you know how many people are on the board of immigration appeals? Because judging by what I see, if there's only a handful of people, they have a vast caseload. I mean, how many members are there? At the time that this case took place, I believe there was only 13 or 14. We've since added some new board members. They sit in groups of what, three? In many cases, they sit in three board member panels. They also can dispose of cases individually. That's a change in regulations that occurred in the last 10 years. I don't know the exact date. In any case, because they apply the right standard, there's no other questions here. Before we even get to the alternative, our only trouble to me is the aspect of the holding that rejected the immigration judge's finding of credibility. You say, well, there were these inconsistencies that the immigration judge acknowledged, but then inexplicably went on to find her credible. But the immigration judge had the opportunity to see the witness testify, had a good sense of the witness, had listened to that witness's essentially closing statement, and based primarily upon that, as I recall, found her credible, made no sense that she would be reluctant to go back to China, except that she feared for persecution. Well, you know, I can't speculate as to the applicant's state of mind. But what I can say is that the board has to be able to review these cases. And, of course, the board has to have a clear, confirmed conviction that what occurred was correct. But here, it was impossible to look at this immigration decision and determine what happened. That's why I think the board spent so many paragraphs, so many pages, looking at what we normally think of as a traditional adverse credibility determination. What are the factors to consider under the Real ID Act factors, the totality of the circumstances? And after having done that analysis, the board says, we have a firm conviction that the immigration judge was wrong. And because the immigration judge was wrong, petitioner simply didn't meet her burden of proof. If you were, what would you want our opinion to say in this case? What do you want us to do? Your Honor, I believe you should dismiss the lack of jurisdiction. I think the questions that are outstanding here are You don't think any of them? Well, there is a certain narrow area that can survive that motion. But you don't think anything fits in that area? I do, Your Honor, because I'm looking here for what would survive would be legal questions and constitutional questions. Well, there's a constitutional question here. We can set that aside. The question is, is there a legal question? Let me ask you this question because it just occurred to me. If the board had never ran into the credibility issue, say, okay, we're not going to second-guess the IJ's determination of credibility. Just assuming she's credible, that's not enough to establish a basis for withholding of the removal. Would we have jurisdiction? You would have jurisdiction because that is a legal question. The board would use it for delivery for you, because because it's a legal question, it would continue to be a legal question here. You're referring to the alternate finding of the board. The board ran after, said, look. The alternate finding was then that, okay, even if we accepted what she said is credible, this hasn't met the legal standard for persecution or for torture. And that was the same. How about her point? Look, I was on the government's dime. I didn't come home. Maybe what other people might do might be different, as opposed to just some private person who came and so forth. How about that? Even the immigration judge in this case, not just the board, but even the immigration judge said that he wouldn't base his decision on less facts, saying that to the extent she would be prosecuted for violating her contract that she signed with the Chinese shipping company and refusing to return when she was told to return, the immigration judge said that's not persecution, that's prosecution. That's not what's at bat. Well, that wouldn't be a basis of relief, would it? I mean, it wouldn't be persecution. No, it wouldn't be persecution. It's a legitimate criminal prosecution. Are you familiar with any appellate case law to the effect that when the BIA makes an alternative holding that is a question of law, the court of appeals does not have jurisdiction? Your Honor, I can't name you a case. There is a Fifth Circuit case. I do not know one in the Third Circuit, suggesting that, and the statute suggests it, too. It says the court of appeals have jurisdiction to review final orders of removal, and there's stricter jurisdiction to review a final order of removal. Except questions of law. So, I mean, here we do. I think you've conceded that the alternative holding presents a question of law. What you're suggesting is that we ought to do it seriatim, and we ought to look at the first issue, and when we decide that the first issue goes your way, then we stop and say we don't have jurisdiction. I think the jurisdiction issue is dispositive, and I think that Congress is intent. Like I said when I started, the reason we're all here today is this aggravated felonies, and Congress, in its wisdom, has decided that individuals with aggravated felonies will simply not have removal. So we have to first decide whether the board applied the right standard of review on credibility determination. And having said that, then there's no jurisdiction. I don't understand why that would follow, because it strikes me that even if we said, okay, we can't review that, that still leaves the question of the legal sufficiency of the situation. Your Honor, let's look at it this way. If the court were to say, well, we have no jurisdiction over the first finding, which makes Petitioner removable, and yet we still have jurisdiction over the second, we agree with it for the second, what is the board going to turn around and say, wait, you found that you had no jurisdiction over the first portion, which makes her removable? She would still be removable in both circumstances, whether you agree with it or not, which is why I say splitting them up that way kind of doesn't make sense. There's only one final order of removal, and if the court is deprived of jurisdiction over it, there's nothing left to do. According to that, I would urge you to grant your motion to dismiss. Is there any other questions, Your Honor? All right. Thank you very much, Mr. Salzer. We'll hear a rebuttal from Mr. Bar-David. Thank you, Your Honor. I'll get to the jurisdiction issue in one second. I just wanted to clarify one factual issue that was raised by the government that indicated the immigration judge himself indicated he would not find Ms. Chai's refusal to return at the end of her contract to China as a basis for granting her withholding, but that was not her claim. Her claim before the court was that she was specifically in 1990, in August 1990, after participating in the pro-democracy rallies, instructed to return to China prior to the completion of her contract by a high-level official within the Chinese consulate because of her participation in the pro-democracy movement. So it's not based upon her. There was a separate issue because she signed a contract agreement at the end of her term to return to China, so it did get a little confused. I just wanted to clarify the basis of her claim as related to her refusal to return in August of 1990. With respect to the jurisdictional issue, as we outlined in our briefs, there was legal error in the board's negative credibility determination in the manner in which they reversed the immigration judge. That is to say that the board has a legal requirement under the Real ID Act of considering the record as a whole and must accurately state the evidence that is contained in the record. Failure to do so constitutes a legal error. So it's not merely that we're disagreeing with how the board was weighing the evidence but that the board misrepresented the evidence. But that's legal error? Yes, Your Honor. Misconstruing evidence is... I mean, if the board applies the proper standard of review but does a shoddy job of evaluating the evidence, isn't that a mistake of fact? I mean, why is that legal error? It's different from us quibbling with the way the board weighed the evidence, saying, well, you know, no reasonable fact finder could conclude the way they concluded because the evidence is so strongly in our favor. Instead, by misrepresenting the evidence, the board failed in its legal duty under the Real ID Act. Both sections applying to asylum and withholding of removal, it's AUSC 1231B3C and AUSC 1158B1B, both of which require the board to consider the record as a whole, consider all explanations provided for any omissions or discrepancies prior to reaching a negative credibility determination. So if every appeal presents a legal issue, isn't that getting the... How do you assuage the concern expressed by Judge Greenberg that if we agree with what you just said, the jurisdiction stripping provision passed by Congress becomes a nullity? No, I would respectfully disagree with that. And it's in limited instances where there is, instead of error in alleged imbalancing of the evidence, where the board makes affirmative misrepresentation of the evidence, that they assert something does not exist when it does or vice versa. In this instance, they affirmatively assert that Ms. Chai did not include any details about her 1990 trip to China in her asylum application when, in fact, she very specifically did in one of the sections, and this was in no way acknowledged by the board. So this affirmative... That's a mischaracterization of the record. It's an affirmative misrepresentation of the record. And because the board is under a legal obligation under the Real ID Act to consider the record as a whole, affirmatively misrepresenting the record constitutes an error of law. The case, the only case that I could find that might be beneficial to this court, it's not directly on the plate, but it's in Rule V. Ashcroft 386 F. 3rd 556, where the, I believe it was Judge Amber writing for the court, indicated that factual, there are instances where facts can be established as a matter of law. In that instance, he believed that the board's error below in dealing with the motion to reopen the facts were so conclusively in one's favor as a matter of law, they demonstrated eligibility for reopening. In this instance, the misrepresentation of facts can be an error of law given the board's legal requirement to consider the record as a whole. I see that my time is up, and unless the court has any further questions, we'll let the board proceed. All right, thank you. The case was very well argued. We'll take another evaluation.